7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Franklin OGLESBY, also known as David Allen Taylor
(92-6521/6522); Larry Oglesby, (92-6524),
Defendants-Appellants.
 Nos. 92-6521, 92-6522, 92-6524.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 Before: MILBURN and GUY, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Stephen Franklin Oglesby (Nos. 92-6521/6522) and Larry Oglesby (No. 92-6524) appeal the sentences imposed by the district court following remand for resentencing. The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Stephen Oglesby is proceeding pro se on appeal. Counsel for Larry Oglesby and for the government have expressly agreed to waive oral argument. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Stephen Oglesby pleaded guilty to conspiring to manufacture methamphetamine, aiding and abetting the possession with intent to distribute methamphetamine, possession of firearms during the commission of a drug offense and possession of a firearm by a convicted felon. Larry Oglesby was convicted of conspiracy to manufacture methamphetamine following a plea of not guilty. Their convictions were affirmed on appeal. United States v. Oglesby, Nos. 90-6574 and 91-5705 (6th Cir. June 4, 1992) (per curiam) (unpublished). Their sentences were vacated in part, however, when the government conceded on appeal that the sentences were erroneously based on the total weight of three oily mixtures containing detectable amounts of methamphetamine. The cases were remanded to the district court for a proper determination of the amount of methamphetamine that could be produced from the mixtures.
 
 
 3
 On remand, the district court determined that defendants were capable of producing an amount in excess of 100 grams of pure methamphetamine from the mixtures. Pursuant to 21 U.S.C. § 841(b)(1)(A), the district court sentenced Stephen Oglesby to concurrent terms of twenty years each on his drug trafficking convictions; Larry Oglesby was sentenced to a term of ten years on his conspiracy conviction.
 
 
 4
 Upon review, we conclude that the district court's determination of the amount of methamphetamine involved is not clearly erroneous. See United States v. Walton, 908 F.2d 1289, 1300-01 (6th Cir.), cert. denied, 498 U.S. 906 and 989 and 990 (1990). Furthermore, the district court did not err by basing the sentences on an estimated quantity of pure methamphetamine. See United States v. Jennings, 945 F.2d 129, 134-37 (6th Cir.1991), opinion clarified, 966 F.2d 184 (6th Cir.1992). When a drug is mixed in a carrier medium for distribution, it may be considered "cut" and the total weight of the mixture is considered when determining sentence. Chapman v. United States, 111 S.Ct. 1919, 1925 (1991). When a drug is mixed with noningestible, poisonous substances, as in the present case, the weight of the pure drug that could be produced must be determined. See Jennings, 945 F.2d at 136-37. It is irrelevant for sentencing purposes that the pure drug was not in fact ever produced. See United States v. Beshore, 961 F.2d 1380, 1383 (8th Cir.), cert. denied, 113 S.Ct. 241 and 243 (1992).
 
 
 5
 Accordingly, the district court's judgments are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.